# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TYRONE J. PATTERSON, | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 2:22-cv-2300-SHL-atc |
| | ) |
| CUMMINGS MARINE, | ) |
|    Defendant. | ) |

## ORDER DENYING MOTION FOR RECONSIDERATION

Before the Court is a post-judgment Motion for Reconsideration filed by pro se Plaintiff Tyrone J. Patterson on January 9, 2024. (ECF No. 18). For the reasons below, the motion is **DENIED**.

Patterson filed his pro se Complaint against Defendant Cummings Marine on May 16, 2022. (ECF No. 1.) On October 3, 2022, Magistrate Judge Christoff entered an Order to Show Cause as to why Defendant had yet to be served when Federal Rule of Civil Procedure 4(m)'s ninety-day deadline had long since elapsed. (ECF No. 7.) No response was filed, so on November 9, 2022, this Court entered a Second Show Cause Order as to why Defendant still had yet to be served, requiring Plaintiff's response by November 30, 2022. (ECF No. 8.) The Court warned Patterson that failing to timely respond would result in the dismissal of his case for failure to prosecute. (Id.)

On November 29, 2022, Patterson requested and received a summons issued to Cummings Marine, but there was no other record of what was done with the summons. (ECF No. 9.) The Court entered a Third Show Cause Order on December 13, 2022, requiring, that, by December 27, 2022, Patterson file proof of service on Defendant and a document explaining the delay in service. (ECF No. 10.) On December 29, 2022, two days after the deadline, a summons

was returned executed by Patterson.  (ECF No. 11.)  It states that Patterson served Cummings Marine on December 21, 2022, but it does not list the individual on whom the summons was served.  (See id. at PageID 22.)  On January 30, 2023, the Court entered a Fourth Show Cause Order for Patterson to properly serve Defendant within fourteen days, file the properly executed summons on the docket, and file a document detailing the delay in serving Defendant.  (ECF No. 12 at PageID 24.)

On February 13, 2023, Patterson filed his Response to the Fourth Show Cause Order. (ECF No. 13.)  Instead of complying with the Court's Order, he paraphrased details of his case, and explained that the previous owner of Cummings Marine passed away in 2019, leaving the company to his wife.  (Id.)  Nevertheless, Patterson stated, without proof of service, that the summons was served on December 23, 2022, but that he had not received an answer from Defendant within twenty-one days.  (Id. at PageID 27.)

On July 7, 2023, the Court entered an order dismissing the complaint without prejudice for failure to prosecute.  (ECF No. 14.)  Judgment was entered the same day.  (ECF No. 15.)

On January 9, 2024, Patterson filed his Motion for Reconsideration.  (ECF No. 18.) Patterson asks the Court to reconsider its decision dismissing the case, arguing that "the defendant [illegible] did answer the summons."  (ECF No. 18 at PageID 40.)   He further states that "I sent paper work by the UPS company to be delivered to the Clerk's office.  I was told by UPS [illegible] that the driver couldn't find the location . . . the paperwork is enclosed, the tracking number will confirm my statement."  (Id.)  He attaches to his motion a UPS label addressed to the Clerk's office, dated January 8, 2024.  (ECF No. 18-1.)

To successfully argue for reconsideration under Rule 59(e), a party must show: (1) a clear error of law, (2) new evidence, (3) change in controlling law, or (4) a need to prevent manifest

2

injustice.  See Leisure Caviar, LLC v. United States Fish & Wildlife Serv., 616 F.3d 612, 615 (6th Cir. 2010) (quoting Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005)).  "A motion under Rule 59(e) is not an opportunity to re-argue a case."  Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998).

Here, Patterson does not argue that the Court has erred in reaching its determination.  Likewise, he does not present new evidence that shows that Defendant was served before the case was dismissed.  The UPS label attached to his motion only shows that Patterson sent something to the Clerk's office over six months after his case was dismissed.  Finally, he does not point to a change in controlling law that would alter the Court's holding or assert that reconsideration of the Court's Order is necessary to prevent injustice.  Because Patterson has failed to meet his burden under Rule 59(e), the Court finds no reason to reconsider its Order dismissing the case.

Thus, Patterson's Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED,** this 11th day of January, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE